UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY SMITH, | No. 2:15-cv-2618 AC P |
| Plaintiff, | |
| v. | ORDER |
| SISKIYOU COUNTY JAIL, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

By an order filed January 29, 2016, plaintiff was ordered to submit a new application to proceed in forma pauperis accompanied by a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. ECF No. 8. In response to that order, plaintiff filed a trust account statement, but it was not certified and was not accompanied by a new application to proceed in forma pauperis. ECF No. 9. Plaintiff was then given an additional thirty days to provide a certified trust account statement and a new application to proceed in forma pauperis. ECF No. 10. He was further advised that it was not necessary to provide any explanations regarding how long he has been in prison and that he just needed to

1

complete the form and provide a certified copy of his prison trust account statement.  Id.  Plaintiff was cautioned that failure to do so could result in dismissal of this action.  Id.  The thirty day period has now expired, and plaintiff has not responded to the court's order and has not filed a new in forma pauperis affidavit or a certified copy of his trust account statement.  Plaintiff shall be given one final opportunity to comply with the court's orders.

      Plaintiff shall be required to submit only a **certified** copy of his prison trust account statement.  In other words, he must submit a copy of his trust account statement that has been signed by an employee of the prison verifying that it is a correct copy of the statement.  The court recognizes that plaintiff is no longer incarcerated at the Siskiyou County Jail, like he was when he filed the complaint, and may no longer have access to a trust account statement from the jail.[1]  Therefore, plaintiff should simply provide a certified trust account statement for the time he has been in CDCR custody.[2]  The court understands that the statement will not show any information for the time before plaintiff entered CDCR custody.  If plaintiff does not respond to this order, this action will be dismissed for failure to prosecute.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Within thirty days from the date of this order, plaintiff shall submit a **certified** copy of his prison trust account statement for the time he has been in CDCR custody.  Failure to comply with this order will result in dismissal of this action without prejudice for failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 110.

      2. The Clerk of the Court is directed to send plaintiff a copy of the in forma pauperis form used by this district.

DATED: April 20, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The certificate provided by plaintiff with his application to proceed in forma pauperis (ECF No. 2) is not the same as a certified trust account statement.

[2] On January 8, 2016, plaintiff filed a notice of change of address reflecting his transfer to CDCR custody.  ECF No. 6.