UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU COUNTY JAIL,<br><br>Defendant. | No. 2:15-cv-2618 AC P<br><br><br><br>ORDER |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 12. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)
////

(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Complaint

Plaintiff alleges that he was involved in a physical altercation with another inmate, Dean Knite, causing injuries to his right eye and the right side of his face. ECF No. 1 at 3. Plaintiff states that defendant Siskiyou County Jail was responsible for his injuries because it failed to properly place Knite in a maximum-security facility. Id. at 4.

### IV. Failure to State a Claim

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff alleges that defendant Siskiyou County Jail should have known that Knite was dangerous and therefore should not have placed him in a minimum-security facility. ECF No. 1 at 4. Plaintiff states that his injuries were the direct result of defendant's failure to place Knite in the appropriate facility. Id. However, to state a failure to protect claim, plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S at 834 (citation omitted). A generalized risk of violence is insufficient to state a claim for failure to protect. Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007). Instead, plaintiff must allege a tangible threat which reflects that he is subject to a substantial risk of future harm. In other words, the failure of prison officials to protect inmates from attacks by other inmates rises to the level of an Eighth Amendment violation only when the prison officials act with deliberate indifference. Farmer, 511 U.S. at 834. "'[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (alteration in original) (quoting Farmer, 511 U.S. at 835). Thus, to state a claim for failure to protect, plaintiff must demonstrate that prison officials were actually aware of and disregarded a substantial risk of harm. "[A]n official's failure to alleviate a significant risk that he should have perceived, but did not . . . cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.

Here, plaintiff fails to allege sufficient facts to support an inference that prison officials actually knew that Knite posed a substantial risk to plaintiff and disregarded that risk, or that there was a constitutionally inadequate policy in place. Plaintiff's generalized allegations that he was at risk are insufficient to state a claim and therefore the claim will be dismissed. However, since plaintiff may be able to allege additional facts regarding the alleged risk, he will be given leave to amend.

////

Not only does plaintiff fail to allege sufficient facts to state a claim pursuant to the Eighth Amendment, but it is unclear whether he has named the proper defendant. Plaintiff's only named defendant is the Siskiyou County Jail, but only certain types of claims can be made against a local government agency. "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694; Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691 (emphasis in original).

Plaintiff states that Knite should have been housed in a maximum-security facility. ECF No. 1 at 4. However, it is not clear from plaintiff's complaint if he is challenging a prison policy that allowed Knite's placement in minimum security or if he is claiming that prison officials failed to follow a prison policy that should have prevented Knite's placement in minimum security. If plaintiff is challenging a prison policy, then he must allege sufficient facts demonstrating that the policy created an unconstitutional risk of harm. In other words, plaintiff must show that a prison policy allowed Knite's placement in minimum security and that allowing inmates like Knite to be placed in minimum security creates a known substantial risk of serious harm to other minimum security inmates.

On the other hand, if plaintiff is challenging individual action then he needs to identify the individual officers responsible for Knite's placement in minimum security and allege sufficient facts demonstrating that these officers knew Knite's placement caused a substantial risk of harm to plaintiff, but disregarded that risk. For example, a failure to follow housing policies which would have prevented Knite being housed in minimum security or ignoring violent behavior or threats may support a claim of deliberate indifference. If plaintiff is alleging that officers violated otherwise acceptable policies, there will be no county liability, and Siskiyou County Jail will not

5

be a proper defendant, unless plaintiff can allege facts showing that the there was a wide-spread practice of ignoring policies or that making inappropriate housing placements was explicitly condoned by individuals with authority to make polices, such as the sheriff.

Since the complaint fails to state a claim upon which relief may be granted and it is not clear whether the county is a proper defendant, the complaint will be dismissed. However, since plaintiff may be able to allege additional facts that would state a claim and identify the proper defendants, he will be given leave to amend.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VI. <u>Summary</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Also, because you have not given the court enough facts, the court cannot tell if you have named the right defendant. To state a claim for failure to protect against the county jail, you must show that there was an unconstitutional policy that led to you getting assaulted. To state a claim for failure to protect against individual officers, you must first name the individuals who failed to protect you and then explain how each defendant knew that Knite posed a risk to your safety and how they ignored that risk. General claims that you were at risk are not enough.

If you choose to amend the complaint, the first amended complaint must include all of the claims you wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an

original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 8, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE